UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

JAVONTAE MILLER,

               Plaintiff,                      **MEMORANDUM & OPINION**

          - against -                     Case No. 14 CV 5056 (PKC)

TRADER JOE'S,

               Defendant.

----------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

Defendant Trader Joe's Company moves to dismiss this action, filed by *pro se* Plaintiff Javonte Miller, a former employee of Trader's Joe's. (Dkt. 18.) Trader Joe's contends that Plaintiff's suit is untimely, requiring dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Due to processing irregularities by the Clerk's Office, the Court finds Plaintiff's Complaint was filed on August 22, 2014 and was therefore timely. The Court therefore denies Defendant's motion to dismiss.

**I.    DISCUSSION**

Plaintiff brings his action under Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. (Dkt. 1, Compl.) To be timely, a plaintiff must commence his Title VII action within 90 days of receiving an EEOC right to sue notice. 42 U.S.C. § 2000e-5(f)(1). FRCP 6(a) applies when determining whether a Title VII action is timely. *Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2nd Cir. 1980).

Because the timeliness of a Title VII action is triggered by a claimant's *receipt* of an EEOC right to sue notice, the Court may apply certain presumptions to calculating the

1

applicable time period. "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice." *Tiberio v. Allergy Asthma Immunology of Rochester,* 664 F.3d 35, 37 (2d Cir. 2011) (citing *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 148 & n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984))). "There is a further presumption that a mailed document is received three days after its mailing." *Id.* (citing *Sherlock*, 84 F.3d at 525). The three-day mailing presumption derives from FRCP 6. *See Chrysler v. Guiney*, 14 F. Supp. 3d 418, 436 (S.D.N.Y. 2014) (noting that three-day presumption derives from FRCP 6(d)).

Thus, to be timely, Plaintiff must have filed his suit within 90 days of *receiving* his Notice of Right to Sue from the EEOC ("EEOC Notice"). Though Plaintiff alleges in his Complaint that he received his EEOC Notice on May 22, 2014 (Compl., ¶ 12), his opposition to Defendant's motion states that the date in the complaint refers to the date on the Notice, not the actual date he received it (Dkt. 16 at ECF 1).[1] Plaintiff further states that for him to have received the EEOC Notice on May 22, 2014, "it would have had to been sent through fax or email and it was not." (*Id.*) Plaintiff's opposition does not give the exact date that he received the Notice, and so the Court applies the three-day mailing presumption to calculate his filing period. *See Tiberio*, 644 F.3d at 37 (applying three-day mailing presumption due to the lack of evidence contradicting its application).

Here, three days after May 22, 2014 falls on Sunday, May 25, 2014, and so in accord with FRCP 6(a), the Court extends the mailing period to the "next day that is not a

---

[1] Citations to "ECF" refer to the pagination of the electronically-filed document, not the document's internal pagination.

Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).  Monday, May 26, 2014 was a federal holiday—Memorial Day.  *See* U.S. Office of Personnel Management, "Snow & Dismissal Procedures – Federal Holidays," https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-holidays/#url=2014 (last viewed 9/27/15). Therefore, the last day of the presumptive mailing period is Tuesday, May 27, 2014.

90 days after May 27, 2014 is Wednesday, August 25, 2014.  Thus, for Plaintiff to have timely filed his Complaint, he needed to have filed it on or before August 25, 2014.

Plaintiff dated his Complaint on Friday, August 22, 2014.  Defendant maintains that Plaintiff back-dated his Complaint to appear timely.  (Dkt. 22 at ECF 2 n.1.) However, a review of the Court's docket shows that the Clerk's Office received Plaintiff's Complaint on August 22, 2014, and because of a docketing delay, Plaintiff's Complaint was not electronically filed until Tuesday, August 26, 2014.

Due to an internal processing error, Plaintiff's Complaint was not date-stamped with the date of receipt.  (*See* Dkt. 1, Compl.)  However, Plaintiff filed a motion for leave to proceed *in forma pauperis* contemporaneously with his Complaint, and that motion is date-stamped as being filed with the Clerk's Office on August 22, 2014 at 4:56 pm.  (*See* Dkt. 5 at ECF 1.)  Furthermore, on August 26, 2014, the Clerk's Office mailed Plaintiff a notice asking him to correct his Complaint because it lacked an original signature.  (*See* Dkt. 2 at ECF 1.)  That notice clearly states that "[t]he Clerk's Office received the enclosed papers on 8/22/2014."  (*Id.*)

Plaintiff therefore met his deadline to file his Complaint on or before August 25, 2014.  Having deemed the Complaint timely, the Court denies Defendant's motion to dismiss.

## II. CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss. The Court directs the Clerk's Office to update the electronic docket to reflect that Plaintiff's Complaint was properly filed with this Court on August 22, 2014.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 29, 2015
　　　　Brooklyn, New York